**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD McVEY<br>528 W. Marshall St., Apt. E<br>West Chester, PA 19380,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE<br>55 Glenlake Pkwy.<br>Atlanta, GA 30328<br>Defendant. | C.A. No.: 2:24-cv-04297<br><br>*TRIAL BY JURY DEMANDED* |

**AMENDED COMPLAINT**

Plaintiff, Richard McVey, by and through his undersigned attorneys, files the within Amended Complaint WITH JURY DEMAND for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"); Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* (the "PMWA"); and the Pennsylvania Wage Payment and Collection Law, 43 Pa C. S. §260.1 *et seq.* (the "WPCL"). In furtherance of this Amended Complaint, Plaintiff avers as follows:

## I. INTRODUCTION

1. From 2021 through October 2023, Plaintiff held the job title of Specialist at Defendant, United Parcel Service ("Defendant" or "UPS") at the West Chester, Pennsylvania Hub (the "West Chester Hub").

2. Specialist is a full-time, 40 hour per week position that is eligible for overtime.

3. Starting from at least August 17, 2021 and throughout the rest of his tenure as Specialist, Plaintiff had been required to work off the clock. Had he been paid all of the hours worked, he would have earned approximately 467 hours of overtime wages.

4. Plaintiff voluntarily took a demotion from Specialist to Part-Time Supervisor in October 2023.

5. Plaintiff took this demotion because of the stress and difficulty of working so many unpaid hours. However, after Plaintiff accepted demotion, he was still forced to work unpaid hours.

## II. PARTIES, JURISDICTION, VENUE

6. Plaintiff, Richard McVey, is an adult individual domiciled at the above-captioned address.

7. Defendant UPS is a Georgia corporation with its principal place of business at the above-captioned address. The location of Plaintiff's employment is West Chester, Pennsylvania.

8. This Court has federal question jurisdiction over the FLSA claims.

9. This Court has supplemental jurisdiction over the PMWA and WPCL claims.

10. Venue is appropriate because the acts or omissions that give rise to this suit occurred at the West Chesher Hub, 1200 Ward Ave. West Chester, Chester County, Pennsylvania 19380.

## III. FACTS

11. In or about June 2018, Plaintiff was hired by UPS.

12. In or about February 2019, Plaintiff was promoted to Part-Time Supervisor.

13. In or about November 2020, Plaintiff began performing the duties of Specialist. However, he was not officially promoted to Specialist until in or about May 2021.

### A. Defendant Compelled Plaintiff To Work Unpaid Overtime as Specialist.

14. During the time between Plaintiff performing the duties of Specialist and his official promotion to Specialist, Plaintiff was supervised by Jesse Quave.

15. Shortly after Plaintiff's official promotion, Quave told Plaintiff the number of hours Plaintiff was allowed to put down on his time sheets each day, even though he instructed Plaintiff to work more hours. Quave stated the payable hours worked were based on the number of hours allocated by UPS for employees to perform certain duties.

16. Quave made several misrepresentations to Plaintiff to induce Plaintiff to work without pay. By way of example, and in no way limiting the foregoing, Quave promised Plaintiff that he would receive extra days off for the unpaid overtime – this never happened. Quave told Plaintiff that working unpaid hours was how one got promoted in the company. Quave had induced Plaintiff to perform Specialist duties before his official promotion.

17. These conditions persisted throughout Plaintiff's tenure as Specialist and while being supervised by Quave. Plaintiff is prepared to identify, with his own documents and with additional information from UPS, hundreds of hours of unpaid overtime starting from at least August 17, 2021.

18. Plaintiff was given a reprieve from the unpaid work for a short time starting in or about February 2023 because Quave was replaced by Richard Barnett, Jr. as Plaintiff's supervisor. Barnett did not demand Plaintiff work unpaid time.

19. Barnett was the exception. Other supervisors, like Quave, demanded that specialists/supervisors at the West Chester Hub work unpaid hours, including unpaid overtime hours.

20. Because of this culture of forcing supervisors to work unpaid hours, and because he knew Barnett would not remain his supervisor for long, Plaintiff searched for replacement employment. In or about October 2023, Plaintiff found employment. However, because the new employment paid less than UPS, Plaintiff voluntarily accepted a demotion to Part-Time Supervisor. He remains in UPS at that role.

**B. Defendant Compelled Plaintiff to Work Off the Clock as Part-Time Supervisor.**

21. When Plaintiff accepted the demotion, he reported to Ramon Monroe, Full-Time Supervisor.

22. Monroe gave Plaintiff a to-do list before the shift started. Plaintiff asked Monroe if he could start work before everyone else on the shift. Monroe told Plaintiff that he was forbidden to start more than 45 minutes before the shift. Plaintiff could see that the work could not be done in

that amount of time; he asked Monroe "are you asking me to work off the clock?" In response, Monroe told Plaintiff "you are starting to sound like Steve Reynoso," a Part-Time Supervisor who was subjected to abusive behavior by Monroe and was terminated in June 2024.

23. Plaintiff is aware that at least one other Full-Time Supervisor at the West Chester Hub who required Part-Time Supervisors to perform off-the-clock work: Kiana Curser. It is believed, and therefore averred, that other Full-Time Supervisors require unpaid work from their subordinates.

24. Monroe, and other supervisors who participate in this culture at the West Chester Hub, have been known to give employees who complain more difficult and loathsome assignments if they complain, including complaints about unpaid work or unpaid overtime.

25. Defendant's treatment of Plaintiff was not isolated to Plaintiff alone. West Chester Hub management clamped down on overtime work by its supervisors, but still demanded that work be done that was impossible to complete during their regular shifts.

26. UPS, one of the largest employers in the United States, has no punch card or automated system to track hours for management employees at this location. Time in and out are manually typed into a computer. Supervisors of these managers instruct them to put certain times in and out, regardless of when the subordinate actually begin or end their workday. That system was used here to deprive Plaintiff and other Part-Time Supervisors of substantial wages.

27. Throughout the West Chester Hub, Plaintiff and other Part-Time Supervisors are supposed to be provided 10 minute breaks and lunch breaks. They are not allowed to take either. However, Plaintiff and other supervisors must include lunch breaks on their computer time entries.

28. Defendant's conduct was knowing, willful, wanton, reckless, outrageous and/or objectively unreasonable.

29. As a direct and proximate result of Defendant's misconduct, Plaintiff suffered injury in an amount that may be reasonably calculated from Defendant's own records.

**COUNT I FLSA**

30. Repeats and realleges paragraphs 1-29 as if set forth at length herein.

31. The FLSA prohibits employers from employing any employee more than 40 hours in a workweek unless the employee is paid "not less than one and one-half times the regular rate at which he is compensated." 29 U.S.C. §207(a)(1).

32. Defendant's failure to pay Plaintiff one and a half times his regular rate when he worked more than 40 hours is in violation of the FLSA.

33. Plaintiff was not exempt from the FLSA.

34. Defendant's conduct was knowing, willful, wanton, reckless, outrageous and/or objectively unreasonable.

35. As a direct and proximate result of Defendant's FLSA violations, Plaintiff suffered injury in an amount that may be reasonably calculated from Defendant's own records.

WHEREFORE, Plaintiff, Richard McVey, demands judgment in his favor and against Defendant, United Parcel Service, for all relief available under the applicable laws, including but not limited to unpaid wages, unpaid overtime wages, liquidated damages, attorney's fees, costs of suit, and such relief this Court deems just and proper.

**COUNT I PMWA**

36. Repeats and realleges paragraphs 1-35 as if set forth at length herein.

37. The PMWA provides: "Employes shall be paid for overtime not less than one and one-half times the employe's regular rate…" 43 P.S. §33.104.

38. Defendant's failure to pay Plaintiff one and one-half times his regular rate when he worked more than 40 combined hours is in violation of the PMWA.

39. Plaintiff is not exempt from the PMWA.

40. Defendant's conduct was knowing, willful, wanton, reckless, outrageous and/or objectively unreasonable.

41. As a direct and proximate result of Defendant's PMWA violations, Plaintiff suffered injury in an amount that may be reasonably calculated from Defendant's own employment records.

WHEREFORE, Plaintiff, Richard McVey, demands judgment in his favor and against Defendant, United Parcel Service, for all relief available under the applicable laws, including but not limited to unpaid wages, unpaid overtime wages, liquidated damages, attorney's fees, costs of suit, and such relief this Court deems just and proper.

**COUNT III WPCL**

42. Repeats and realleges paragraphs 1-41 as if set forth at length herein.

43. The WPCL provides: "Every employer shall pay all wages…due to his employees on regular paydays designated in advance by the employer." 43 P.S. § 260.3(a).

44. Defendant failed to make such payments in a timely manner to Plaintiff.

45. Defendant's conduct was knowing, willful, wanton, reckless, outrageous and/or objectively unreasonable.

46. As a direct and proximate result of Defendant's PMWA violations, Plaintiff and all putative collective action members suffered injury in an amount that may be reasonably calculated from Defendant's own employment records.

WHEREFORE, Plaintiff, Richard McVey, demands judgment in his favor and against Defendant, United Parcel Service, for all relief available under the applicable laws, including but not limited to unpaid wages, unpaid overtime wages, liquidated damages, attorney's fees, costs of suit, and such relief this Court deems just and proper.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

CREECH & CREECH LLC

*/s/ Timothy P. Creech*
TIMOTHY P. CREECH
1835 Market St., Suite 2710
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
timothy@creechandcreech.com

DATED: October 9, 2024